UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE YOUNG and LAURA VELISSARIS, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 04206 |
| v. | ) ) | Judge Edmond E. Chang |
| UNIFUND CCR PARTNERS, CREDIT CARD RECEIVABLES FUND, INC., and ZB LIMITED PARTNERSHIP, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Willie Young and Laura Velissaris filed a second amended complaint [R. 62] against Defendants Unifund CCR Partners, and its partners Credit Card Receivables Fund, Inc. and ZB Limited Partnership (for convenience, referred to collectively as "Defendants"), alleging that Defendants violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act (ICAA), 225 ILCS 425/1 *et seq.*, while attempting to collect credit card debts from Plaintiffs.[1] Defendants now move to dismiss [R. 46] Counts One (FDCPA proposed-class claim), Two (ICAA proposed-class claim), and Four (ICAA individual claim) of the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is granted in part and denied in part.

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Citations to the docket are indicated by "R." followed by the docket entry.

## I. Background

In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in Plaintiffs' favor. *Ashcroft v. al-Kidd,* ⸺ U.S. ⸺, 131 S.Ct. 2074, 2079 (2011). Plaintiffs are Illinois residents, who have defaulted on credit card payments. R. 62, Second Am. Compl. ¶¶ 6-7, 15-18. Defendant Unifund is a collection agency that acquired legal, but not equitable, title to Plaintiffs' accounts. This means that, in exchange for some consideration, the owner of Plaintiffs' debts transferred its right to bring a collection action to Unifund, but retained the right to receive the balance of the debts if they are ultimately collected. R. 48, Def.'s Br. at 4.

In 2008, Unifund filed a lawsuit against Plaintiff Young in state court to collect the credit card debt. Second Am. Compl. ¶ 15. In its complaint, Unifund represented itself as "Unifund CCR Partners Assignee of Palisades Collection, LLC, . . . the successor in interest of [Young's] account . . . having purchased said account in the regular course of business in good faith and for value." R. 1-2, State Compl. ¶ 4. Young, in turn, filed this lawsuit in 2009, alleging that Defendants "threaten and bring lawsuits against Illinois residents on credit card debts which they do not own and have no right to file suit on . . . and which are time-barred." Second Am. Compl. ¶ 3. Specifically, Count One of the second amended complaint alleges that, because Unifund held only *legal* title to the alleged debt, Unifund's statement that it purchased Young's account was a deceptive and unfair debt-collection practice in violation of Sections 1692e and 1692f of the FDCPA. *Id.* ¶¶ 29-31. Relatedly, Count Two alleges that, by filing suit on a debt it did not own, Unifund "[a]ttempt[ed] or threaten[ed] to enforce a right or remedy with knowledge or reason to know that the

2

right or remedy does not exist" in violation of the ICAA, 225 ILCS 425/9. *Id.* ¶¶ 42-43. Finally, Counts Three and Four allege that Unifund also violated the FDCPA and the ICAA by attempting to collect on an eight-year-old debt, when the applicable statute of limitations is five years. *Id.* ¶¶ 55, 58.

The previously assigned district judge stayed this case for more than three years while the Illinois Appellate Court decided the standing issue encompassed in Count Two in a similar debt-collection case, *Unifund CCR Partners v. Shah*, 946 N.E.2d 885 (Ill. App. Ct. 2011) ("*Shah I*") and *Unifund CCR Partners v. Shah*, 993 N.E.2d 518 (Ill. App. Ct. 2013) ("*Shah II*"). Ultimately, the Illinois Appellate Court held that an assignee for collection may sue a debtor in its own name, provided that certain statutory requirements concerning the assignment are met. *Shah I*, 946 N.E.2d at 890. In light of *Shah*'s resolution, the stay on this case has been lifted and Defendants now move to dismiss Counts One (FDCPA class claim), Two (ICAA class claim), and Four (ICAA individual claim) of Plaintiffs' complaint.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*,

3

578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555–56); *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

Defendants argue that Counts One, Two, and Four of the second amended complaint should be dismissed for failure to state a claim. With respect to Count One, Defendants contend that Unifund's representation that it "purchased said account in the regular course of business in good faith and for value" is not a material misrepresentation under the FDCPA. Defs'. Br. at 10-14. Defendants argue that Count Two should be dismissed because the Illinois Appellate Court decided in *Shah I* that an assignee that is merely an assignee for collection (and not

4

the outright owner of the debt) may sue on an alleged debt, meaning that, contrary to Plaintiffs' assertion, Unifund did not "fil[e] suit on a debt it did not own and had no right to file suit on." *Id.* at 9-10; *see* Second Am. Compl. ¶¶ 42-43. And on Plaintiffs' ICAA claims, Counts Two and Four, Defendants argue that Plaintiffs have failed to allege an actual or specific injury. Defs.' Br. at 14-15. Plaintiffs agree to dismissal of Count Two, *see* R. 53, Pls.' Response Br. at 1 n. 1, so that claim is dismissed, with prejudice. The Court addresses Counts One and Four below.

### A. Count One: FDCPA

Count One of the second amended complaint alleges that Unifund engaged in both deceptive debt-collection practices, in violation of Section 1692e of the FDCPA, and unfair debt-collection practices, in violation of Section 1692f. Second Am. Compl. ¶¶ 29-31. For deceptive practices, Section 1692e of the FDCPA prohibits the use of false or misleading representations in the collection of a debt:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; or . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. For unfair practices, Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Count One alleges that Unifund violated Sections

5

1692e(2)(A), 1692e(5), 1692e(10), and 1692f by stating that it "purchased said account in the regular course of business in good faith and for value" because it "was merely servicing the debts or acting as collection agent for the owner." Second Am. Compl. ¶¶ 20, 29.

Defendants argue that dismissal is required as to Count One because Unifund's statement was not a misrepresentation and, even if it were, it was not material. Defs.' Br. at 10. In support, Defendants rely on the *Shah* litigation, in which the Illinois Appellate Court addressed the two statutory requirements that a collection-only assignee must meet in order to sue in its own name. The first is found in Section 2-403(a) of the Illinois Code of Civil Procedure, "which grants an assignee standing to sue to collect a debt in its own name so long as the assignee's complaint 'on oath allege[s] that he or she is the actual bona fide owner thereof, and set[s] forth how and when he or she acquired title.'" *Shah II*, 993 N.E.2d at 522 (quoting 735 ILCS 5/2-403(a)). *Shah II* made clear that Section 2-403(a)'s pleading requirement applies to both debt buyers (who assume both legal and equitable title of a debt) and assignees for collection (who assume only legal title). *Id.* at 524. The second statutory requirement—which applies to collection-only assignees—deals with standing under Section 8b of the ICAA, 225 ILCS 425/8b. *Id.* The Illinois Appellate Court held that, to sue on an alleged debt, an assignee for collection must have "received title via a written agreement that identifies 'the accounts transferred, the consideration paid, and the effective date of the transfer.'" *Id.* at 521 (quoting *Shah I*, 946 N.E. 2d at 894).

Defendants argue that if Section 2-403 requires even an assignee for collection to plead that it is the "actual bona fide owner" of a debt, then it was not a

6

misrepresentation for Unifund to state that it "purchased" Plaintiffs' accounts. Defs.' Br. at 10-11. On this point, the Court agrees with Defendants. To be sure, the same language would constitute a misrepresentation if it were untrue; but here, it is undisputed that Unifund did actually purchase legal title to Plaintiffs' accounts. Thus, under *Shah II*, Unifund's statement was not false or inherently deceptive.

Perhaps recognizing the effect of *Shah II*'s holding on Count One, Plaintiffs modified their FDCPA argument in response to Defendants' dismissal motion (although the modified argument is encompassed by the allegations in the second amended complaint). Rather than contend (as Plaintiffs originally did) that Unifund's representation violated the FDCPA because Unifund did not "own" the alleged debts, Plaintiffs now argue that Unifund's allegation was misleading because it deflects inquiry into Unifund's ability (or, more precisely, inability) to meet the ICAA's requirement that a collection-only assignee receive title via a written agreement containing specific information, 225 ILCS 425/8b. Pls'. Response Br. at 10-11. Put another way, Unifund's state-court complaint did not say that Unifund was a collection-only assignee, and instead said that Unifund "purchased" the account, thus avoiding (so the argument goes) an inquiry into whether Unifund had the necessary written agreement under the ICAA.

Against this, Defendants first argue that Plaintiffs' argument should not be considered at all because the second amended complaint's allegations "have nothing to do with whether Unifund had sufficient documentation to prove its assignments." R. 54, Defs'. Reply Br. at 4-5. It is true that the second amended complaint did not advance this specific argument in support of the FDCPA claim—even though Plaintiffs amended their complaint *after* the *Shah* decisions. But it is nevertheless

7

appropriate to consider Plaintiffs' argument for three reasons: (1) the second amended complaint's allegation that Unifund's state-court statement "was false and made to deflect inquiry into whether Unifund had any right to sue," Second Am. Compl. ¶ 22, is sufficiently broad to encompass Plaintiffs' modified argument; (2) at this very early stage in discovery, the Court would likely have granted a motion to file a third amended complaint in any event; and (3) Plaintiffs thoroughly explained their position in their response brief, and Defendants thoroughly responded in their reply, *see* Defs'. Reply Br. at 6-11. So the argument may be considered, and the Court turns to Defendants' remaining arguments on the merits of Plaintiffs' claims.

Defendants contend that Plaintiffs' argument fails on the merits because an alleged failure to satisfy state-court pleading requirements does not violate the FDCPA. *Id.* at 6-8 ("As to Section 8b of the ICAA, failing to attach to a complaint all documents required by the statute is not a violation of the ICAA, let alone the FDCPA."). There are two problems with this argument. First, Section 8b is more than a mere pleading requirement: it is a threshold for the validity of an assignment for collection to a collection agency. 225 ILCS 425/8b. Section 8b is worded in a way that establishes the written-agreement requirement as a condition of the passing of title:

> An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:
>
> (a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:
>
> (i) the effective date of the assignment; and

8

(ii) the consideration for the assignment.

*Id*. Thus, the crux of Count One is not Defendants' mere failure to attach documentation to the state-court pleading; the crux is Defendants' alleged practice of suing to collect on debts that it is not entitled to collect, because Defendants (allegedly) do not have the requisite written agreement.

There is a second problem with Defendants' argument against Count One. Even if Section 8b were merely a state-court pleading requirement, that would not necessarily doom the FDCPA claim. To be sure, Defendants are correct that a violation of state law in connection with a debt-collection action will not always give rise to a FDCPA claim. *See Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 472-74 (7th Cir. 2007). But the converse is also true: merely because the problem with the state-court complaint relates to a pleading requirement does *not* disable the defect from also comprising an FDCPA violation. There are debt-collection practices in which a debt collector's conduct will violate *both* state and federal law.

Defendants cite *Washington v. North Star Capital Acquisition, LLC*, No. 08 C 2823, 2008 WL 4280139 (N.D. Ill. Sept. 15, 2008) for the proposition that a FDCPA claim cannot be premised on a violation of Section 8b of the ICAA. Defs'. Reply Br. at 7. In *Washington*, a FDCPA claim based on an alleged Section 8b violation was dismissed because the "claim [wa]s premised on an alleged violation of Illinois state pleading requirements and the FDCPA will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure." 2008 WL 4280139, at *2. But *Washington* was decided pre-*Shah* and thus without the benefit of the Illinois Appellate Court's characterization of Section 8b as a *prerequisite* to

9

effectuating a valid assignment for collection. *See Shah I*, 946 N.E.2d at 891 ("Under section 8b of the [ICAA], a collection agency can bring suit to collect on a debtor's account only when '[t]he assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency.'"). In light of *Shah*, *Washington*'s characterization of Section 8b as a mere pleading requirement is no longer persuasive. And indeed, post-*Shah* decisions have recognized that "the FDCPA prohibits the filing of lawsuits in violation of § 8b's documentation requirements." *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 944-45 (N.D. Ill. 2012); *accord Tallman v. Freedman Anselmo Lindberg LLC*, No. 11-3201, 2013 WL 489676, at *9-12 (C.D. Ill. Feb. 8, 2013).

This is because "[t]he filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt." *Grant-Hall*, 856 F. Supp. 2d at 944. In this sense, Defendants' alleged conduct is analogous to filing suit to collect on a time-barred debt—conduct that the Seventh Circuit has held *does* violate Sections 1692e and 1692f of the FDCPA. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079, 1083-84 (7th Cir. 2013) (holding that, absent some defense, "all the debt collection suits against the class members were time-barred and hence violated the [FDCPA]"); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (holding that language that would mislead an unsophisticated consumer into believing that a debt is legally enforceable violates the FDCPA).

Here, Plaintiffs allege that after five attempts, with two appeals, to meet the statutory requirements in *Shah*, Unifund was still unable to do so. Pls.' Response

Br. at 10. Whether this is true, and Defendants attempted to sue without a valid assignment under Section 8b, are facts to be determined in discovery. But at the dismissal-motion stage, Plaintiffs have stated a claim that Defendants "threat[ened] to take any action that cannot legally be taken" in violation of Section 1692e(5), "use[d] . . . deceptive means to collect or attempt to collect any debt" in violation of Section 1692e(10), and "use[d] unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f. Accordingly, Defendants' motion to dismiss is denied as to those claims.

Plaintiffs' claim under Section 1692e(2)(A), however, is dismissed. Section 1692e(2)(A) prohibits the use of deceptive debt-collection practices through the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiffs argue that Unifund's representation that it "purchased" Plaintiffs' accounts is a material misrepresentation as to Young's debt because it would lead an unsophisticated consumer "to believe that Unifund owned the debt and not require Unifund to establish the Illinois statutory requirements to pursue collection as an assignee for collection." Pl.'s Response Br. at 12-13. As discussed above, based on *Shah II* and the affirmation of ownership required by § 2-403, it was not an outright false representation (which is barred by Section 1692e(2)(A)) for Unifund to state that it purchased Plaintiffs' accounts. To be sure, Unifund could have stated its relationship to Plaintiffs' accounts more clearly—that is, that Unifund was an assignee for collection purposes only rather than generally "Assignee of Palisades Collection, LLC, . . . the successor in interest of [Young's] account." State Compl. ¶ 4. But the fact that Unifund's representation could have been more specific does not make it false. In sum, the act of filing suit on a debt that

11

Defendants are allegedly not entitled to collect may be both deceptive and unfair under the FDCPA, but Plaintiffs have not identified a false representation for the purposes of Section 1692e(2)(A). Accordingly, Defendants' motion to dismiss Count One is granted as to Plaintiffs' Section 1692e(2)(A) claim.

**B. Count Four: ICAA**

Defendants also argue that Plaintiffs' remaining ICAA claim, Count Four of the second amended complaint, should be dismissed because the ICAA requires a showing of actual damages and Plaintiffs have failed to allege any actual or specific injury resulting from Defendants' alleged conduct. Defs.' Br. at 14-15. The second amended complaint alleges that Plaintiffs "had to hire counsel to appear and defend the actions against them, and were put to trouble and aggravation as a result of the filing of the actions, causing damage to plaintiffs." Second Am. Compl. ¶ 23. Defendants contend that this allegation is insufficient because Plaintiffs "did not allege that they have actually paid, or will ever pay, any amount for an appearance fee or attorney fees." Defs.' Br. at 15.

It is generally recognized that appearance fees constitute actual damages. *See Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 545 (N.D. Ill. 2012); *Grant-Hall*, 856 F. Supp. 2d at 941; *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 881 (N.D. Ill. 2009). It is also recognized that, absent a waiver from the state court, "[i]n order to defend against a collection action, debtors are required to pay an appearance fee." *Herkert*, 655 F. Supp. 2d at 881; *see also* 705 ILCS 105/27.2(e); 705 ILCS 105/27.2a(e). Thus, construing the facts and inferences in Plaintiffs' favor—as the Court must at the motion-to-dismiss stage—Plaintiffs' allegation that they had to "hire counsel to *appear* and defend the actions against

12

them" is sufficient to show actual damages. Defendants' motion to dismiss Count Four is denied.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss [R. 46] is granted as to Plaintiffs' Section 1692e(2)(A) claim under Count One and as to Count Two. The motion is denied as to Plaintiffs' remaining FDCPA claims under Count One (namely, Sections 1692e(5), 1692e(10), and 1692f) and as to Count Four.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 22, 2014